GEORGE PERKINS, *Petitioner,* v. FRANK STOUTAMIRE, as Sheriff of Leon County, *Respondent.*

146 So. 197.

Opinion filed February 27, 1933.

*Waller & Pepper,* for Petitioner;

*Clyde W. Atkinson, for* Respondent.

PER CURIAM.—Section 1244 C. G. L., 972 R. G. S., provides in part as follows:

"1244. (972.) SHOWS: tax based on admission charge; tax on each tent; proviso; no fractional license.— Shows of all kinds, including circuses, vaudeville, minstrels, theatrical, or any exhibition giving performances under tents or temporary structures of any kind, whether such tents or temporary structures are covered or uncovered, shall pay a State license tax for each day as follows:

"When the charge for admission including the charge for reserved seats, shall be fifty cents or more, the State license tax for each day shall be paid according to the population of the city or town in or adjacent to which the tent or structure is placed or erected as follows:

"Cities and towns of ten thousand inhabitants or more, one hundred dollars for each, day.

"Cities and towns of less than ten thousand and more than five thousand inhabitants, seventy-five dollars for each day.

"Cities and towns of five thousand and more than three thousand inhabitants, fifty dollars for each day.

"Cities and towns of three thousand and less, twenty-five dollars for each day."

The exhibition of an embalmed whale enclosed in a glass cylinder attached to a railroad flat car, which railroad flat car is owned by the owners of the whale and is by contract between the owners of the whale and various railroad companies, transported over and upon the rails of the carriers and publicly exhibited while situate on the railroad flat car upon which it is mounted, to view which an admission charge is made, is held by the Court not to be within the purview of the licensing provision of the statute hereinabove quoted, though the exhibition of the whale on the railroad flat car is accompanied by lectures of an individual undertaking to explain certain features connected with the sea animal thus exhibited.

Petitioner in this case was therefore not liable to the license tax imposed by Section 1244 C. G. L., *supra,* and should be discharged from custody under the criminal charge predicated on that Section in which he was accused of giving the exhibition of a whale under the circumstances

hereinbefore recited without having been licensed under the statute referred to.

Petitioner discharged.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.